Green, J.,
delivered the opinion of the court.
This is an action of trover, to recover back a promissory note on R. Topp and W. L. Vance, payable to the plaintiff, and which he had pledged to the defendant, as collateral security for money loaned on a usurious contract.
On the trial the plaintiff proved the pledge of the note, and that when the money w,as loaned by the defendant, usurious *607 interest was reserved. The plaintiff also proved by W. H. Kerr, that he was agent for the plaintiff, and as such went to the defendant, about the last of April, 1846, and told him he had come to settle the matter between him and Causey — and produced the paper containing their contract, and read it to him. Yeates, the defendant, replied, he had rather see Mr. Causey and settle with him — that he believed he had disposed of the note, or was about to do so. Witness had the money, but did not offer it, nor exhibit it, because he thought from what Yeates said, he would not receive it. The court charged the jury,' that to entitle the plaintiff to recover, the money actually due on the contract, must be tendered, — :and that it must also appéar that said money was brought into court, and ready to be paid to the defendant. The jury found .a verdict for the defendant — and the plaintiff appealed to this court.
The first question is, whether a tender of the money advanced to the plaintiff, and legal interest thereon,. should not have been made in order to entitle the plaintiff to recover? Our statute, (act 1835, ch. 50, sec. 3, 4 & 5,) provides that when a greater sum than six per cent, per annum is reserved, and suit is brought for. the same, the defendant may avoid the excess over legal interest, by plea on oath, setting forth the usury — and when the plaintiff admits the usury, or it shall be shown by proof, it shall be deducted from the claim, and judgment shall be given for the balance. .Although the, statute declares that it shall be unlawful to receive more than six per cent, per annum, and the party guilty of taking usury, is indictable — yet when the usurious nature of the contract is disclosed by the plea of the defendant only — in such case, the contract is not void in toto — but is valid for the sum actually due, and legal interest thereon. Meigs Rep. 80. If a plaintiff sue upon a contract usurious upon its face, and in stating *608 his case, the usury is made to appear, this court has held that he cannot recover, even the sum actually advanced. Isler vs. Brunson, 6 Hump. R. 277. The reason is, that his contract is illegal, for which he may be indicted, and he is repelled, upon the well settled principle, that the courts will not lend their aid for the enforcement of a contract, which is in violation of the law of the land. But when the usury is made to appear by the plea of the defendant only, the contract is held to be good for'the sum due, and interest. It follows from these principles, that in this case the plaintiff could not treat the contract with the defendant as being void, and maintain trover for the pledge, without a tender, by him, of the sum due on the contract after ^deducting the usury. The case referred to in 20 Eng. Com. L. R. 60, is not analagous to the one before us, because, the British statute declares that an usurious contract shall be void. In reference to that statute, the case referred to, is decided correctly. But here, whenever the party to whom money is advanced upon an usurious contract, is the actor, and discloses the usury, he can only avoid the excess over the legal interest.
'The court erred, in stating to the jury that the plaintiff must prove that the money was in court, ready to be paid to the defendant. • After a tender had been made, and arefusal to receive the sum actually due, the plaintiff’s cause of action would have been complete — and of course he would be entitled to recover, without performing any subsequent act: 5 Yerg. 199. But in this case there was no evidence that the note sued for had been demanded — and consequently, there was no proof of a conversion. A tender of the money due would have been equivalent to a demand, but no tender was made. The witness says he told the defendant that he had come to settle the matter; but in what Avay he proposed to settle, he did' not state. He said nothing about paying the money due. It may have been his intention, so far as the defendant knew,- to insist that the *609 contract was wholly void, and that the pledge should he delivered up. The error therefore, of his honor, could not effect the result of the case. Affirm the judgment.